**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

BOUNTIFUL CAPITAL, LLC,

                    Plaintiff,

    v.

KAREN KAMINSKI,

                    Defendant.

CIVIL ACTION NO. 3:25-CV-00888

(MEHALCHICK, J.)

## MEMORANDUM

On May 20, 2025, Plaintiff Bountiful Capital, LLC ("Bountiful") initiated this action by filing a complaint against Defendant Karen Kaminski ("Kaminski"). (Doc. 1). On July 2, 2025, Bountiful filed the operative amended complaint. (Doc. 14). Presently before the Court is Kaminski's motion to dismiss for lack of jurisdiction and failure to state a claim. (Doc. 16). For the following reasons, Kaminski's motion to dismiss will be **GRANTED**. (Doc. 16).

## I.    BACKGROUND AND PROCEDURAL HISTORY

The following background is taken from the amended complaint and, for the purposes of the instant motion, taken as true. (Doc. 14). Bountiful is a Wyoming limited liability company ("LLC") whose sole member is a resident of California. (Doc. 14, ¶ 3). Kaminski is an individual residing in Moosic, Pennsylvania. (Doc. 14, ¶ 4). Bountiful and Kaminski are the sole members of Allure Salon Group, LLC ("Allure"), an LLC based in Pennsylvania and governed by a Limited Liability Operating Agreement ("Operating Agreement") dated February 4, 2022. (Doc. 14, ¶¶ 11, 17-19). Bountiful holds a 49% interest in Allure and Kaminski holds a 51% interest. (Doc. 14, ¶¶ 17-19). Allure operates five salon suite facilities in Pennsylvania. (Doc. 14, ¶¶ 11-13). Kaminski serves as Allure's President and manages the day-to-day operations of Allure. (Doc. 14, ¶ 20).

Bountiful alleges that Kaminski failed "to properly manage [Allure]." (Doc. 14, ¶ 1). Between February 2022 and 2025, Bountiful loaned Allure approximately $972,000. (Doc. 14, ¶ 23). Allure never repaid these loans. (Doc. 14, ¶ 25). While Allure was working on its 2024 tax returns, Kaminski threatened to amend Allure's prior tax returns to reclassify Bountiful's loans as capital contributions. (Doc. 14, ¶¶ 30-33). Because of Kaminski's actions, Allure failed to complete its 2024 tax returns. (Doc. 14, ¶ 33). Kaminski also threatened to amend Allure's leases without authorization and disclosed confidential financial information to third parties as part of an effort to sell Allure without a business plan. (Doc. 14, ¶¶ 34-36). On March 23, 2025, Kaminski withdrew from Allure's day-to-day activities and sent Bountiful a notice informing it that she was stepping down from her position at Allure, transferring her controlling shares, notifying Allure's landlords of her departure, and closing Allure's credit cards. (Doc. 14, ¶ 40). In May 2025, Kaminski attempted to split Allure's locations and assets between Kaminski and Bountiful in an inequitable manner. (Doc. 14, ¶ 43). Kaminski refuses to discuss a transition plan with Bountiful. (Doc. 14, ¶ 41).

Kaminski's actions required Allure to obtain a $150,000 loan in January 2025 at 40% APR or $41,850 in interest due under the loan which was in addition to Allure's existing line of credit with a 52% APR. (Doc. 14, ¶ 49). Bountiful needed to provide Allure with three loans of $15,000 to cover operating expenses on April 8, April 28, and May 28, 2025. (Doc. 14, ¶¶ 45-46). Bountiful also provided Allure with an additional loan of $10,000 on June 11, 2025, to cover operating expenses. (Doc. 14, ¶ 46). Kaminski only responded to the payments by sarcastically stating "[t]hank [y]ou [sic] for your capital contribution." (Doc. 14, ¶ 47). On June 13, 2025, Kaminski sent an email seeking to deprive David Bao, Secretary and Co-Chief Executive Officer of Allure and Bountiful's owner, of all involvement in Allure. (Doc. 14, ¶¶

56-59). Bountiful also unilaterally terminated and cut the hours of various Allure employers. (Doc. 14, ¶ 70).

In its original complaint, Bountiful alleged direct claims on behalf of itself and derivative claims on behalf of Allure. (Doc. 1). In the operative amended complaint, Bountiful asserts only direct claims against Kaminski. (Doc. 14). Specifically, Bountiful alleges seven counts under Pennsylvania law. (Doc. 14, ¶¶ 76-110). In Count I, Bountiful alleges Kaminski breached the operating agreement that governed her obligations to Bountiful and Allure. (Doc. 14, ¶¶ 76-79). In Count II, Bountiful alleges Kaminski breached her fiduciary duties of loyalty and care to Bountiful and Allure. (Doc. 14, ¶¶ 80-83). In Count III, Bountiful alleges Kaminski's actions amounted to oppression of Bountiful. (Doc. 14, ¶¶ 84-86). In Count IV, Bountiful requests judicial dissolution of Allure. (Doc. 14, ¶¶ 87-94). In Count V, Bountiful requests the Court disassociate Kaminski from Allure. (Doc. 14, ¶¶ 95-102). In Count VI, Bountiful requests declaratory judgment. (Doc. 14, ¶¶ 103-106). In Count VII, Bountiful requests injunctive relief. (Doc. 14, ¶¶ 107-10).

## II.  LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *Gould Electronics Inc. v. United States*, 220 F. 3d 169, 176 (3d Cir. 2000). In a facial challenge under Rule 12(b)(1), a defendant argues that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *D.G. v. Somerset Hills School Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008). In response to the defense's facial challenge of subject-matter jurisdiction, the Court "must consider the allegations of the

complaint as true." *Mortensen v. First Fed. Savings & Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977). In a factual challenge under Rule 12(b)(1), "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. "Evidence outside the pleadings [may be examined] to determine . . . jurisdiction." *Gould Electronics Inc.*, 220 F. 3d at 178. "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *In re Corestates Trust Fee Litigation*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd* 39 F.3d 61 (3d Cir. 1994). "Rule 12(b)(1) motions may be filed at any time and repeatedly, if the movants assert new arguments warranting [the court's] attention." *Fahnsestock v. Reeder*, 223 F. Supp. 2d 618, 621 (E.D. Pa. 2002).

In order for a Court to have subject-matter jurisdiction over a presented issue, the plaintiff must establish either diversity of citizenship or a federal question at hand. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015).

> The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000." For over two hundred years, the statute has been understood as requiring "complete diversity between all plaintiffs and all defendants," even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, "no plaintiff [may] be a citizen of the same state as any defendant.

> *Lincoln Ben. Life Co.,* 800 F.3d at 104.

It is under this framework that the Court will examine the motion to dismiss.

## III.  DISCUSSION

Kaminski avers that this Court does not have subject matter jurisdiction because Bountiful's claims are derivative, not direct, and because of that, Allure is an indispensable

4

party to this action. (Doc. 17, at 14-23). According to Kaminski, Allure deprives this Court of diversity jurisdiction because both it and Kaminski are citizens of Pennsylvania. (Doc. 17, at 21). Bountiful counters that its claims are direct, not derivative, so the claims are only between Bountiful, a citizen of Wyoming and California, and Kaminski, a citizen of Pennsylvania. (Doc. 21, at 7-13). Bountiful further contends that even if its claims are derivative, Allure is not an indispensable party to this action and this Court retains diversity jurisdiction. (Doc. 21, at 13-17). For the reasons discussed below, the Court finds that Bountiful's claims are derivative and not direct. However, the Court also finds that because all of Allure's members are litigants in this action, Allure itself is not an indispensable party that must be joined under Federal Rule of Civil Procedure 19. Nonetheless, the Court **DISMISSES** the amended complaint **without prejudice** because Bountiful fails to meet the pleading requirements for a derivative action under Federal Rule of Civil Procedure 23.1(b).

A. Bountiful's claims are derivative.

Kaminski avers that Bountiful's claims in the amended complaint are derivative, not direct, because Bountiful primarily alleges harm against Allure and any harms towards Bountiful are incidental to the harm alleged against Allure. (Doc. 17, at 14-17). Bountiful counters that its claims are direct because the relevant injuries are to Bountiful itself, and not Allure. (Doc. 21, at 9-13). According to Bountiful, its claims are direct because 1) Bountiful and Kaminski are the only parties to the operating agreement Kaminski allegedly breached, 2) Kaminski's actions required Bountiful to make loans to Allure, which Kaminski threated to reclassify as capital contributions rather than pay back, 3) Kaminski excluded Bountiful from management decisions, and 4) Kaminski's actions have led to a complete breakdown of trust between Kaminski and Bountiful. (Doc. 21, at 9-13).

"Whether a claim is derivative or direct is a question of (state) law." *In re SemCrude L.P.*, 796 F.3d 310, 316 (3d Cir. 2015). There is no dispute that Pennsylvania law applies. (Doc. 17, at 14-17; Doc. 21, at 9-13). Under Pennsylvania law, a derivative claim is a claim brought by a shareholder, but "belonging to the corporation, rather than the shareholder." *Lieberman v. Corporacion Experienca Unica, S.A.*, 226 F. Supp. 3d 451, 459 (E.D. Pa. 2016). A direct claim is a claim brought on behalf of the shareholder themselves, "rather than on behalf of the corporation." *Lieberman*, 226 F. Supp. 3d at 459. "[A] shareholder does not have standing to institute a direct suit for 'a harm [that is] peculiar to the corporation and [that is] only[ ] indirectly injurious to [the] shareholder.'" *Hill v. Ofalt*, 85 A.3d 540, 548 (Pa. Super. Ct. 2014) (citing *Reifsnyder v. Pittsburgh Outdoor Advert. Co.*, 405 Pa. 142, 147 (1961)); *see also Lieberman*, 226 F. Supp. 3d at 459. "'If [a] court determines that a claim is actually derivative in nature, the plaintiff is precluded from proceeding directly.'" *Lieberman*, 226 F. Supp. 3d at 459 (quoting *Resh v. Bortner*, No. CV 16-02437, 2016 WL 6834104, at *5 (E.D. Pa. Nov. 21, 2016)). This is true even where a corporation only has two shareholders, and one is the plaintiff and the other is the defendant. *Hill*, 85 A.3d at 543–44 (finding a claim could only be brought derivatively even though the defendant and plaintiff were the corporation's only shareholders); *see also Resh*, 2016 WL 6834104, at *6 (same). Pennsylvania's rules for direct versus derivative claims apply to both corporations and LLCs. *See* 15 Pa.C.S.A. § 8881(b); *see also Woytovich v. Jesse Storm Team LLC*, No. 1733 MDA 2024, 2025 WL 2631587, at *4 (Pa. Super. Ct. Sept. 12, 2025) (nonprecedential).

To determine whether a claim is direct or derivative, courts look to the complaint as a whole to evaluate whether the "gravamen of the complaint is injury to the corporation" or to the plaintiff themselves. *Hill*, 85 A.3d at 549 (2014). To state a direct claim, a plaintiff must

"allege a direct, personal injury—that is independent of any injury to the corporation—and the [plaintiff] must be entitled to receive the benefit of any recovery." *Hill*, 85 A.3d at 548; *see also Lieberman*, 226 F. Supp. 3d at 460 (finding a plaintiff stated a direct claim where the plaintiff's alleged injuries were not only independent from any injury to the corporation but the corporation allegedly was not injured at all). To allege a direct claim, a plaintiff must also allege the defendant "breached a contractual or fiduciary duty owed to [the plaintiff] individually." *Hill*, 85 A.3d at 550.

A plaintiff fails to state a direct claim where their alleged injuries are "**dependent upon** and **derivative to** the corporate injury." *Hill*, 85 A.3d at 552 (emphasis in original). A claim is derivative where the plaintiff primarily alleges that a defendant breached a contract or fiduciary duty by taking actions such as "wast[ing], divert[ing], and [stealing] corporate assets[,] mismanage[ing] the corporation; usurp[ing] corporate opportunities;. . . [or] caus[ing] the corporation. . . to fail." *Hill*, 85 A.3d at 550; *see Resh*, 2016 WL 6834104, at *6 (finding a plaintiff failed to state a direct claim where "the essence of [the plaintiff's] complaint" was that the defendant mismanaged the corporation).

Here, Bountiful primarily alleges injuries to Allure, and not itself. (Doc. 14). The amended complaint primarily concerns allegations that Kaminski "failed to properly manage [Allure], acted irrationally, abdicated her managerial responsibilities including by resigning as Manager, and repudiated the [Allure]'s financial obligations—namely, by refusing to cause the Company to recognize or repay debts owed to [Bountiful]." (Doc. 14, ¶ 1). Looking at the amended complaint as a whole, Bountiful's claims are derivative because "the essence of [Bountiful's amended] complaint" is that Kaminski mismanaged Allure, and as a result, Allure is suffering and failing to pay back its debts. *Resh*, 2016 WL 6834104, at *6; *see Hill*, 85

A.3d at 550 (finding that the "gravamen" of a complaint was injury to the corporation where a fifty/fifty shareholder plaintiff primarily alleged the other shareholder mismanaged the corporation).

Bountiful's argument that its claims are direct because Bountiful and Kaminski are the only parties to Allure's operating agreement fails. (Doc. 21, at 10). Claims primarily alleging harm to a corporation are derivative even where the only shareholders are the plaintiff and the defendant. *See Hill*, 85 A.3d at 543–44; *see also Resh*, 2016 WL 6834104, at *6. Bountiful's argument that it suffered direct injury because Kaminski never paid back the loans Bountiful made to Allure and threatened to reclassify those loans also fails. (Doc. 21, at 10). First, Bountiful does not allege that Kaminski reclassified the loans, only that she threatened to do so. (Doc. 14, ¶ 30). The only actual harm Kaminski's threats caused is harm to Allure because Allure failed to complete its tax returns on time due to the threats.[1] (Doc. 14, ¶ 33).

Second, the fact that Bountiful loaned money to Allure and Allure did not pay the money back does not by itself create a direct claim. (Doc. 14, ¶ 25); *see Hill*, 85 A.3d at 552 (finding that "[l]enders. . . gain or lose with the [corporation]" and a corporation's lender's may be injured incidentally to the corporation (citing *Mid-State Fertilizer Co. v. Exch. Nat. Bank of Chicago*, 877 F.2d 1333, 1335 (7th Cir. 1989)). Bountiful alleges that it was required to loan money to Allure due to Kaminski's mismanagement of the company. (Doc. 14, ¶¶ 45-46). Bountiful also alleges that Kaminski's threats to reclassify the loans and failure to pay back the loans are part of Kaminski's broader mismanagement of Allure. (Doc. 14, ¶¶ 1, 30-36).

---

[1] The Court notes that Bountiful alleges in a subsequent motion for a preliminary injunction that Kaminski reclassified the loans. (Doc. 24, ¶ 10). However, the Court cannot rely on this allegation because it does not appear in the amended complaint. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Accordingly, although Bountiful is harmed by Allure failing to pay back its loans, Bountiful's claims are still derivative because that harm is incidental to harm Kaminski allegedly caused Allure with her mismanagement. *See Hill*, 85 A.3d at 552.

Bountiful's arguments that its claims are direct because Kaminski attempted to exclude Bountiful from management decisions and destroyed all trust between Kaminski and Bountiful also fail. (Doc. 21, at 11-13). Although Bountiful alleges that Kaminski attempted to undermine its interests, this allegation is part of a broader pattern of allegations that Kaminsky "failed to properly manage [Allure], acted irrationally, [and] abdicated her managerial responsibilities." (Doc. 14, ¶¶ 1, 84-86). Bountiful specifically alleges that "[i]mmediate judicial intervention is required . . . [in order to] protect [Allure] from irreparable harm." (Doc. 14, ¶ 75). Thus, the alleged harms are primarily to Allure, not Bountiful. *See Hill*, 85 A.3d at 550; *see also Resh*, 2016 WL 6834104, at *6. Accordingly, the Court finds that Bountiful's claims are derivative, not direct.[2] (Doc. 14).

B. ALLURE IS NOT AN INDISPENSABLE PARTY UNDER RULE 19.

Kaminski avers that because Bountiful's claims are derivative, not direct, Allure is an indispensable party whom this action cannot proceed without under Federal Rule of Civil Procedure 19. (Doc. 17, at 17-23). Kaminski further avers that because Allure is an indispensable party who destroys complete diversity, the Court does not have subject matter jurisdiction over this action. (Doc. 17, at 19-21). Bountiful counters that Allure is a nominal party to this action at best, and thus, the Court may proceed without it. (Doc. 21, at 13-17).

---

[2] Kaminski also avers that Bountiful improperly dismissed its derivative claims without the Court's approval in violation of Federal Rule of Civil Procedure 23.1(c). (Doc. 17, at 13-14). This argument is moot because the Court finds that the amended complaint asserts derivative and not direct claims. Thus, Bountiful's attempt to dismiss its derivative claims fails regardless of its compliance with Rule 23.1(c).

Federal Rule of Civil Procedure 19 requires certain parties to be joined "if feasible." A party is required to be joined if feasible where:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19

In the context of derivative actions, corporations and similar entities are required parties who should be "joined if feasible" because they have clear interests in litigation brought on their behalf. *HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1190 (3d Cir. 1996) (finding a partnership has an interest in a derivative claim brought on its behalf and should be "joined if feasible"); *see Miller v. Native Link Constr.*, LLC, No. CV 15-1605, 2017 WL 3536175, at *16 (W.D. Pa. Aug. 17, 2017) (finding an LLC "is a party that should be joined if feasible" in a derivative action brought on its behalf). However, joinder is not feasible where joining a corporation or similar entity would deprive the Court of complete diversity in a diversity jurisdiction case. *See HB Gen. Corp.*, 95 F.3d at 1191 (finding joining a partnership would not be feasible because it would deprive the court of diversity jurisdiction); *see also Miller*, 2017 WL 3536175, at *16 (finding joining an LLC would not be feasible because it would destroy complete diversity).

Where joinder is not feasible, Rule 19(b) provides:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should

proceed among the existing parties or should be dismissed. The factors for the court to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

> (2) the extent to which any prejudice could be lessened or avoided by:

> > (A) protective provisions in the judgment;

> > (B) shaping the relief; or

> > (C) other measures;

> (3) whether a judgment rendered in the person's absence would be adequate; and

> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

When analyzing whether a party is indispensable under Rule 19(b), "state law is relevant only in determining the interests of those affected by the litigation." *HB Gen. Corp.*, 95 F.3d at 1195 (noting just because a party is indispensable under state law does not mean that the party is indispensable under Rule 19 (citing *Hertz v. Rec. Pub. Co. of Erie*, 219 F.2d 397, 399 (3d Cir. 1955)); *see Spring-Ford Area Sch. Dist. v. Genesis Ins. Co.*, 158 F. Supp. 2d 476, 482 (E.D. Pa. 2001) (noting that "[under Rule 19,] Pennsylvania law is only relevant to the extent that it defines the legal interests that the [absent parties] may have in this action"). In the context of derivative suits, the Supreme Court has held that a corporation is generally considered an indispensable party which an action may not proceed without under Rule 19(b). *See Ross v. Bernhard*, 396 U.S. 531, 539 (1970); *see also HB Gen. Corp.*, 95 F.3d at 1196. However, in *HB General Corporation v. Manchester Partners, L.P.*, 95 F.3d 1185, 1190 (3d Cir. 1996), the Third Circuit held that a closely held legal entity is not necessarily an indispensable party when all

of its shareholders or members are already parties to the suit. [3] Whether a closely held legal entity is an indispensable party to a suit depends on 1) whether the absent entity's interests will be prejudiced if they are not joined and 2) whether the Court can fashion relief to prevent prejudice to the existing defendant. *See HB Gen. Corp.*, 95 F.3d at 1196 (finding that a partnership with only three members was not an indispensable party because the existing parties adequately represented the partnership's interests and the exiting defendant would not be prejudiced); *see also Dickson v. Murphy*, 202 F. App'x 578, 582 (3d Cir. 2006) (nonprecedential) (distinguishing *HB General Corporation* where the litigants before the Court did not adequately represent the interests of the absent parties and the Court could not prevent prejudice to the existing defendants); *see also Miller*, 2017 WL 3536175, at *16 (finding that an LLC with only three members was not an indispensable party where all three members were already parties to the suit); *see also Foster Owners Co. LLC v. Farrell*, No. CIV. A. 14-5120, 2015 WL 778758, at *6 (D.N.J. Feb. 24, 2015) (finding the same).

Whether an absent legal entity will be prejudiced by failure to join is determined by whether that entities' interests are adequately represented by the existing parties. *See HB Gen. Corp., L.P.*, 95 F.3d at 1193 (finding that a partnership would not be prejudiced because the exiting parties represented the partnership's interests); *see also Dickson*, 202 F. App'x at 582 (finding that the absent parties were indispensable, in part, because their interests were not adequately represented). Under Pennsylvania law, an LLC is an independent entity with its own distinct interests, regardless of the number of shareholders. *See Keystone Cab Serv., Inc. v. Pennsylvania Pub. Util. Comm'n*, 170 A.3d 1287, 1292 (Pa. Commw. Ct. 2017) (noting that an

---

[3] The Court notes that the caselaw Kaminski relies on in her brief in support's Rule 19 analysis either predates *HB General Corporation*, is based on Pennsylvania state court joinder rules, or is from a court outside of the Third Circuit. (Doc. 17, at 17-19).

LLC or other category of corporation would be an independent legal entity even if it only had one shareholder). However, even where "an artificial entity [has its own interests,] its interests must ultimately derive from the interests of the human beings that are its members." *HB Gen. Corp.*, L.P., 95 F.3d at 1193; *see also Dickson*, 202 F. App'x at 582 (noting that courts analyze the interests of legal entities and individuals differently because "[t]here is a difference between [the interests of] an absent entity and an absent human being"). Thus, where every member of an LLC is a party to the action, the LLC's "interests can be effectively represented in litigation by participation of its [members]." *HB Gen. Corp.*, L.P., 95 F.3d at 1193; *see Miller*, 2017 WL 3536175, at *16 (finding that an LLC's interests were adequately represented where all its members were parties to the action); *see also Foster Owners Co. LLC*, 2015 WL 778758, at *6 (finding the same); *see also Baccari v. Baccari*, No. CV 22-2337, 2022 WL 18585881, at *1 (E.D. Pa. Aug. 30, 2022) (stating "[e]ven assuming Alastars, LLC to be a necessary party, it is not an indispensable party under Fed. R. Civ. P. 19(b) given that [the LLC] is effectively represented by its members, all of whom are already named in this litigation").

The issue of prejudice to existing parties turns on whether an existing defendant "may be subject to multiple identical claims and multiple or inconsistent judgments in other actions" and whether the Court can take actions to mitigate that risk. *Dickson*, 202 F. App'x at 582; *see HB Gen. Corp.*, 95 F.3d 1185, 1191 (3d Cir. 1996). However, an LLC cannot bring claims by itself without a member acting on its behalf. *See HB Gen. Corp.*, 95 F.3d at 1191 (noting that an artificial entity "like a marionette, cannot make a move unless some human being pulls the strings"); *see also Dickson*, 202 F. App'x at 582 (distinguishing *HB Gen. Corp.* where all relevant shareholders were not litigants in the suit because "the Court cannot enjoin the other [absent] shareholders from bringing a subsequent derivative suit on behalf of the

corporation"). Thus, where all an LLC's members are before the Court, the Court can craft a remedy to ensure that the members do not file repetitive claims in separate actions. *See HB Gen. Corp.*, 95 F.3d 1185, 1191-92; *see also Dickson*, 202 F. App'x at 582; *see also Foster Owners Co. LLC*, 2015 WL 778758, at *6 (finding that an existing defendant would not be prejudiced by excluding an LLC because the court could "prevent all members from later bringing a suit on [the LLC's] behalf").

Here, because the Court finds that Bountiful's claims are derivative, Allure is a necessary party that must be joined under Rule 19 "if feasible." *HB Gen. Corp.*, 95 F.3d at 1190. However, Allure and Kaminski are both citizens of Pennsylvania,[4] and this is an action brought pursuant to this Court's diversity jurisdiction. (Doc. 14, ¶¶ 4-10). Diversity jurisdiction requires complete diversity amongst parties, and adding Allure, a Pennsylvania citizen, to an action against another Pennsylvania citizen would destroy complete diversity. *See HB Gen. Corp.*, 95 F.3d at 1191; *see also Miller*, 2017 WL 3536175, at *16. Thus, joining Allure is not feasible under Rule 19(a) and the Court must consider whether the action may proceed without it under Rule 19(b) based on prejudice the parties' interests. *See HB Gen. Corp.*, 95 F.3d at 1191; *see also Dickson*, 202 F. App'x at 582; *see also Miller*, 2017 WL 3536175, at *16.

Beginning with prejudice to Allure's interests, Allure is a closely held LLC with only two members, Bountiful and Kaminski, whom are both parties to this action. (Doc. 14, ¶¶ 3-4, 18-19). Bountiful brings this action because Kaminski's alleged "recent actions have been

---

[4] "[T]he citizenship of an LLC is determined by the citizenship of each of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). Here, Kaminski is a member of Allure. (Doc. 14, ¶¶ 4, 17). Allure shares Kaminski's Pennsylvania citizenship. *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 418.

wholly unauthorized and inconsistent with [Bountiful's] or [Allure's] best interests." (Doc. 14, ¶ 44). Bountiful explicitly seeks to represent Allure's interests. (Doc. 14). Kaminski has reason to represent Allure's interests because she owns a 51% stake in Allure and is Allure's Manager, President, and Co-Chief Executive officer. (Doc. 14, ¶¶ 18, 20). The Court finds Allure's interests are effectively represented by its two members.[5] *See HB Gen. Corp.*, L.P., 95 F.3d at 1193; *see also Miller*, 2017 WL 3536175, at *16; *see also Foster Owners Co. LLC*, 2015 WL 778758, at *6; *see also Baccari*, 2022 WL 18585881, at *1. Because all of Allure's members are currently parties to this action, the Court can eliminate the risk that Allure is subject to multiple ligations by enjoining "all [of Allure's members] from bringing a subsequent suit on behalf of [Allure]." *HB Gen. Corp.*, 95 F.3d at 1192 (3d Cir. 1996); *see also Foster Owners Co. LLC*, 2015 WL 778758, at *6. Accordingly, the Court finds that Allure is not an indispensable party under Rule 19 and the Court retains subject matter jurisdiction.

C.  THE AMENDED COMPLAINT IS NONETHELESS SUBJECT TO DISMISSAL UNDER RULE 23.1.

Finally, Kaminski avers that Bountiful fails to meet the pleading requirements for derivative actions under Rule 23.1(b). (Doc. 17, at 14). Kaminski further argues that Bountiful failed to comply with Pennsylvania's requirements that LLC members demand the LLC take action prior to bringing a derivative suit. (Doc. 17, at 14). Bountiful does not respond to these arguments. (Doc. 21).

---

[5] Kaminski also avers that the Court should determine that Allure is already a party to this action because the original complaint asserted derivative claims. (Doc. 17, at 17). However, while the original asserted derivative claims Bountiful brought on behalf of Allure, Bountiful did not name Allure as a party itself. (Doc. 1). A closely held entity is not necessarily a party to a derivative action brought on its behalf. *See HB Gen. Corp.*, L.P., 95 F.3d at 1193; *see also Miller*, 2017 WL 3536175, at *16; *see also Foster Owners Co. LLC*, 2015 WL 778758, at *6.

Federal Rule of Civil Procedure Rule 23.1(b) governs the pleading requirements for derivative actions and provides:

(b) Pleading Requirements. The complaint must be verified and must:

(1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;

(2) allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and

(3) state with particularity:

(A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and

(B) the reasons for not obtaining the action or not making the effort.

Fed. R. Civ. P. 23.1(b).

"Although Rule 23.1 provides the pleading standard for derivative actions in federal court, the substantive rules for determining whether a plaintiff has satisfied that standard 'a matter of state law.'" *King ex rel. Cephalon Inc. v. Baldino*, 409 F. App'x 535, 537 (3d Cir. 2010). Because of this, under Rule 23.1(b)(3), a plaintiff must plead facts sufficient to satisfy the relevant state's substantive demand requirement rules for a derivative suit. *See Richelson v. Yost*, 738 F. Supp. 2d 589, 596 (E.D. Pa. 2010); *see also In re Intel Corp. Derivative Litig.*, 621 F. Supp. 2d 165, 170 (D. Del. 2009).

Pennsylvania's demand requirement is codified at 15 Pa.C.S.A. § 8882. Under § 8882(a), "a plaintiff may maintain a derivative action to enforce a right of a limited liability company only if . . . the plaintiff first makes a demand on the company or the other members in a member-managed limited liability company. . . requesting that the company bring an action to enforce the right." 15 Pa.C.S.A. § 8882. Pennsylvania's demand requirement is

stricter than other jurisdictions' requirements because under § 8882(b)(1), the demand requirement "is excused *only* if the plaintiff makes a specific showing that immediate and irreparable harm to the limited liability company would otherwise result."[6] 15 Pa.C.S.A. § 8882(b)(1) (emphasis added); *see also Miller*, 2017 WL 3536175, at *13 (noting that Pennsylvania's demand requirement is stricter than other jurisdictions and only has one exception). Pennsylvania law further requires that "[i]f demand is excused [under the irreparable harm exception] . . . [a] demand shall be made promptly upon commencement of the action." 15 Pa.C.S.A. § 8882(b)(2). Courts should dismiss a complaint under Rule 23.1 where the plaintiff fails to allege facts sufficient to show they complied with the relevant state's demand requirement. *Richelson*, 738 F. Supp. 2d at 600 (dismissing a complaint where the plaintiff failed to plead facts sufficient to meet state law demand requirements); *see also Bresalier on behalf of Duke Energy Corp. v. Good*, 246 F. Supp. 3d 1044, 1052 (D. Del. 2017) (same).

Here, the Court finds dismissal without prejudice under Rule 23.1(b) is warranted. Because the amended complaint contains direct, rather than derivative claims, Bountiful does not satisfy with Rule 23.1(b)(3)'s requirement that litigants comply with state demand requirements. *See Richelson*, 738 F. Supp. 2d at 600. There are no allegations that Bountiful

---

[6] The Court recognizes that some courts have speculated that the Pennsylvania Supreme Court would recognize an additional exception to this general requirement in the context of closely held corporations where all shareholders are currently represented in the litigation. *See Nedler v. Vaisberg*, 427 F. Supp. 2d 563, 572 (E.D. Pa. 2006); *see also Cooper v. Rucci*, No. CIV.A. 07-00036, 2008 WL 942710, at *4 (W.D. Pa. Apr. 7, 2008); *see also Hill*, 85 A.3d at 556 (collecting cases) However, as noted by the Eastern District of Pennsylvania, these cases pre-date the current version of § 8882(b)(1) which states that excused the demand requirement is excused "*only* if the plaintiff makes a specific showing that immediate and irreparable harm."[6] 15 Pa.C.S.A. § 8882(b)(1) (emphasis added); *see Julabo USA, Inc. v. Juchheim*, No. 5:19-CV-01412, 2020 WL 7240378, at *3 (E.D. Pa. Dec. 9, 2020); *see also Env't Constr. Servs., Inc. v. Menta*, No. CV 19-3477, 2022 WL 1203732, at *3 (E.D. Pa. Apr. 22, 2022).

made a demand on Allure or Kaminski. (Doc. 14). Bountiful must allege that Allure will suffer "immediate and irreparable harm" if Bountiful complies with the demand requirement. 15 Pa.C.S.A. § 8882(b)(1). While Bountiful alleges Allure will be harmed absent "[i]mmediate judicial intervention," there are no allegations in the complaint alleging irreparable harm if Bountiful complied with Pennsylvania's demand requirement. (Doc. 14). Nor does Bountiful make any arguments regarding the exception in its briefing. As such, the amended complaint is subject to dismissal under Rule 23.1(b). *See Richelson*, 738 F. Supp. 2d at 600 (dismissing a complaint under Rule 23.1(b) failure to comply with state demand requirements); *see also Bresalier*, 246 F. Supp. 3d at 1055 (D. Del. 2017) (same). The Court also notes that the plain language of Rule 23.1(b) states that "the complaint must be verified." Fed. R. Civ. P. 23.1(b). Neither the original complaint nor the amended complaint are verified. (Doc. 1; Doc. 14). For these reasons, the Court finds that Bountiful has failed to comply with Rule 23.1(b). (Doc. 16).

## IV.    LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (nonprecedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Here, the Court grants leave to amend because the Court determines that it may maintain jurisdiction over a derivative claim and Bountiful may be able to file an amended complaint with derivative claims which meet Rule 23.1(b)'s pleading requirements. *See*

*Richelson*, 738 F. Supp. 2d at 602 (dismissing a claim which failed to meet the Rule 23.1(b) pleading requirements without prejudice); *see also Abrams v. Wainscott*, No. CIV.A. 11-297-RGA, 2012 WL 3614638, at *4 (D. Del. Aug. 21, 2012) (dismissing derivative claims pursuant to Rule 23.1(b) but granting leave to amend). Accordingly, Bountiful is granted 21 days to file a second amended complaint.

## V.   CONCLUSION

For the foregoing reasons, Kaminski's motion to dismiss is **GRANTED**. (Doc. 16) The amended complaint is **DISMISSED without prejudice**. (Doc. 14). Bountiful is **GRANTED** leave to file an amended complaint curing the deficiencies outlined herein within 21 days of the date of the accompanying Order, on or before **Tuesday, February 3, 2026**. Failure to do so may result in the dismissal of this action. Because there is no current operative amended complaint in this case, Bountiful's emergency motions are **DENIED as moot**.[7] (Doc. 24; Doc. 25).

An appropriate Order follows.

**BY THE COURT:**

**Dated: January 13, 2026**            *s/ Karoline Mehalchick*

                                                                **KAROLINE MEHALCHICK**
                                                                **United States District Judge**

---

[7] "Federal Rule of Civil Procedure 65, which governs injunctive relief, requires the existence of an operative complaint." *Gu v. Wang*, No. CV 24-4348, 2025 WL 2734105, at *1 (D.N.J. Sept. 25, 2025); *see also Tunsil v. Taylor*, No. 1:25-CV-00879, 2025 WL 1872490, at *4 (M.D. Pa. July 7, 2025) (denying a motion for a preliminary injunction because the case did not have an operative complaint); *see also Hertzog v. Mt. Carmel Twp.*, No. 4:23-CV-01572, 2023 WL 6542762, at *3 (M.D. Pa. Oct. 6, 2023) (same). Because this case no longer has an operative complaint, Bountiful's emergency motions (Doc. 24; Doc. 25) are **DENIED as moot** and the hearing scheduled for Thursday, January 15, 2026, is canceled.