# PROMISSORY NOTE

$275,000

January 14, 2022
Los Angeles, CA

**FOR VALUE RECEIVED**, Allure Salon Group, LLC and Karen Kaminski (collectively, the "**Borrower**"), hereby unconditionally promise to pay to the order of David Bao or his Assignee (the "**Holder**"), the sum of $275,000, as further specified below. Holder has already loaned $165,000, and Holder shall loan the difference of $110,000 after the full execution of this document.

This Promissory Note (the "**Note**") is made by the Borrower in favor of Holder.

1. **General Terms.** Borrower and Holder are currently discussing Holder making an equity investment into Allure Salon Group, LLC (ASG). Provided the equity investment is agreed upon and Holder moves forward with the equity investment, the $275,000 shall be converted into equity in ASG, based upon a per-unit price of $5,250.00.

In the event the equity investment does not go forward, for whatever reason, the $275,000 shall be fully paid back to Holder by Borrower no later than the date Borrower receives the next tenant improvement allowance payment from Swede Square Associates LLC and/or Cedar-Trexler Plaza 2, LLC, the two landlords of ASG.

In the event the funds are not repaid within 60 days, Holder shall be issued membership units in ASG, at a valuation of $5,250 per membership unit.

Alternatively, Holder shall have the right, at his sole discretion and with or without notice to Borrower, to seek repayment of the $275,000 via legal action. In such an event, 10% interest per annum shall be added on to the unpaid balance from the date of this Note.

2. **Repayment Extension.** If any payment of principal or interest shall be due on a Saturday, Sunday or any other day on which banking institutions in the State of California are required or permitted to be closed, such payment shall be made on the next succeeding business day and such extension of time shall be included in computing interest under this Note.

3. **Manner and Application of Payment.** All sums due hereunder shall via check or wire.

4. **Prepayment.** The Borrower shall have the right to prepay this Note in whole or in part, at any time or from time to time, without premium, penalty or prior written notice to the Holder.

5. **Events of Default; Remedies.**

(a) **Events of Default.** Each of the following events shall constitute an "**Event of Default**" under this Note: (i) failure of the Borrower to pay any principal or other amount due hereunder when due, or the Borrower shall in any way fail to comply with the other terms,



DEFENDANT'S EXHIBIT F

covenants or conditions contained in this Note or of any other obligation owing to Holder or its affiliates; (ii) the commencement, whether voluntary or involuntary, of a case under the laws of the United States, or any other proceeding or action seeking reorganization, liquidation, dissolution or other relief under bankruptcy or insolvency statutes or similar laws, or the appointment of a receiver, trustee or custodian for the Borrower or all or a material portion of the Borrower's assets or property; or (iii) if the Borrower is an entity, the dissolution, liquidation or termination of the Borrower. Notwithstanding the foregoing, a merger or consolidation approved in advance in writing by the Holder with a company that assumes responsibility for all Obligations under this Note, and is approved in writing in advance of such event by the Holder, shall not constitute an Event of Default. The Holder may withhold its approval in its sole and absolute discretion.

**(b) Remedies.** Upon the occurrence of an Event of Default, and without demand or notice of any kind: (i) all outstanding amounts under this Note (including the outstanding Principal Amount plus any accrued and unpaid interest less any principal payments previously made) shall become immediately due and payable; and/or (ii) the Holder may exercise any and all rights and remedies available to it at law, in equity or otherwise, including the default provisions outlined in Section 1 above.

**(c) Remedies Cumulative**. Each right, power and remedy of the Holder hereunder shall be cumulative and concurrent, and the exercise or beginning of the exercise of any one or more of them shall not preclude the simultaneous or later exercise by the Holder of any or all such other rights, powers or remedies. No failure or delay by the Holder to insist upon the strict performance of any one or more provisions of this Note or to exercise any right, power or remedy consequent upon a breach thereof or default hereunder shall constitute a waiver thereof or preclude the Holder from exercising any such right, power or remedy. By accepting full or partial payment after the due date of any amount of principal of or interest on this Note, or other amounts payable on demand, the Holder shall not be deemed to have waived the right either to require prompt payment when due and payable of all other amounts of principal of or interest on this Note or other amounts payable on demand, or to exercise any rights and remedies available to it in order to collect all such other amounts due and payable under this Note.

**(d) Costs of Collection.** If this Note is placed in the hands of an attorney for collection following the occurrence of an Event of Default hereunder, the Borrower agrees to pay to the Holder upon demand all reasonable costs and expenses, including, without limitation, all reasonable attorneys' fees and court costs incurred by the Holder in connection with the enforcement or collection of this Note (whether or not any action has been commenced by the Holder to enforce or collect this Note) or in successfully defending any counterclaim or other legal proceeding brought by the Borrower contesting the Holder's right to collect the outstanding Principal Amount and/or interest thereon. The obligation of the Borrower to pay all such costs and expenses shall not be merged into any judgment by confession against the Borrower. All of such costs and expenses shall bear interest at the higher of the rate of interest provided herein from the date of payment by the Holder until repaid in full. The Borrower agrees to waive any statute of limitations defense and any defense against the formation of this Note in the event a collection process is required.

6. **Miscellaneous.**

(a) **Jurisdiction and Venue**. THE BORROWER AND HOLDER HEREBY AGREE THAT ANY FEDERAL COURT IN THE STATE OF CALIFORNIA OR ANY STATE COURT LOCATED THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA SHALL HAVE EXCLUSIVE JURISDICTION TO HEAR AND DETERMINE ANY CLAIMS OR DISPUTES BETWEEN THE BORROWER AND HOLDER PERTAINING DIRECTLY OR INDIRECTLY TO THIS NOTE. THE BORROWER EXPRESSLY SUBMITS AND CONSENTS IN ADVANCE TO SUCH JURISDICTION IN ANY ACTION OR PROCEEDING COMMENCED IN SUCH COURTS. FURTHER, THE BORROWER HEREBY WAIVES THE RIGHT TO ASSERT THE DEFENSE OF FORUM NON CONVENIENS AND THE RIGHT TO CHALLENGE THE VENUE OF ANY COURT PROCEEDING COMMENCED PURSUANT TO THIS SECTION 6(a).

(b) **Amendment and Waivers**. No delay or failure on the part of Holder in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by Holder of any right or remedy shall preclude other or further exercise thereof or the exercise of any other right or remedy. No modification, amendment or waiver of any provision of this Note or consent to departure therefrom shall be effective unless in writing and signed by the Borrower and the Holder. The Borrower hereby waives presentment and demand for payment, notice of dishonor, protest and notice of protest of this Note.

(c) **Binding Instrument; Assignment**. The terms and conditions of this Note shall inure to the benefit of and be binding upon the respective successors and permitted assigns of the parties.

(d) **Governing Law**. This Note shall be governed by, and construed in accordance with, the laws of the State of California, without regard to the conflicts of law principles thereof.

(e) **Titles and Subtitles**. The titles and subtitles used in this Note are used for convenience only and are not to be considered in construing or interpreting this Note.

(f) **Notices**. Any notice to be given hereunder shall be in writing, and shall be sent to Holder or the Borrower, by email or certified mail and deemed received within one day of transmission, if sent by email, or at the time of receipt if by certified mail.

(g) **Maximum Rate of Interest**. This Note is made to a business for purely commercial reasons. All payment obligations arising under this Note are subject to the express condition that at no time shall the Borrower be obligated or required to pay interest at a rate which could subject the Holder to either civil or criminal liability as a result of being in excess of the maximum rate which the Borrower is permitted by law to contract or agree to pay.

(h) **Subsequent Holders**. This Note is not transferrable by its holder, except with the written consent of the Borrower, which consent shall not be unreasonably withheld. In the event that any holder of this Note transfers this Note for value, the Borrower agrees that

except with respect to subsequent holders with actual knowledge of a claim or defense, no subsequent holder of this Note shall be subject to any claims or defenses which Borrower may have against a prior holder (which claims or defenses are not waived as to prior holders), all of which are waived as to the subsequent holder, and that all such subsequent holders shall have all of the rights of a holder in due course with respect to the Borrower even though the subsequent holder may not qualify, under applicable law, absent this paragraph, as a holder in due course.

**(i)** **<u>Failure or Indulgence Not Waiver</u>**. No failure or delay on the part of the Holder hereof in the exercise of any power, right or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any such power, right or privilege preclude other or further exercise thereof or of any other right, power or privilege. All rights and remedies existing hereunder are cumulative to, and not exclusive of, any rights or remedies otherwise available.

**(j)** **<u>Severability</u>**. It is the desire and intent of the parties that the provisions of this Note be enforced to the fullest extent permissible under the law and public policies applied in each jurisdiction in which enforcement is sought. Accordingly, in the event that any provision of this Note would be held in any jurisdiction to be invalid, prohibited or unenforceable for any reason, such provision, as to such jurisdiction, shall be ineffective, without invalidating the remaining provisions of this Note. Notwithstanding the foregoing, if such provision could be more narrowly drawn so as not to be invalid, prohibited or unenforceable in such jurisdiction, it shall, as to such jurisdiction, be so narrowly drawn, without invalidating the remaining provisions of this Note. In addition, the parties understand and agree that notwithstanding any of the above provisions of this <u>Section 6(j)</u>, no such severability shall be effective if it materially changes the economic benefit of this Agreement to any party.

**(k)** **<u>Entire Agreement</u>**. This Note constitutes the full and entire understanding and agreement between the parties with regard to the subject hereof and thereof.

IN WITNESS WHEREOF, the undersigned have executed this Note as of the date first written above.

**<u>BORROWER</u>:**

By: *Karen Kaminski*
Karen Kaminski, individually

By: *Karen Kaminski*
Karen Kaminski, on behalf of Allure Salon Group, LLC

**<u>HOLDER</u>:**

David Bao

# Promissory Note

Final Audit Report 2022-01-15

| | |
|---|---|
| Created: | 2022-01-15 |
| By: | Karen Kaminski (karen@alluresalongroup.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAYrhEO1bhpS-D6URbd9qqz2crQsOApSwj |

## "Promissory Note" History

Document created by Karen Kaminski (karen@alluresalongroup.com)
2022-01-15 - 12:00:26 PM GMT- IP address: 174.54.128.205

Document emailed to David Bao (dbao@bountifulcap.com) for signature
2022-01-15 - 12:00:56 PM GMT

Email viewed by David Bao (dbao@bountifulcap.com)
2022-01-15 - 12:01:06 PM GMT- IP address: 172.226.7.59

Document e-signed by David Bao (dbao@bountifulcap.com)
Signature Date: 2022-01-15 - 5:06:23 PM GMT - Time Source: server- IP address: 172.117.254.179

Agreement completed.
2022-01-15 - 5:06:23 PM GMT